IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **KASANDRA PHILLIPS**<br><br>**Plaintiff,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA**<br><br>**Defendants.** | Civil Action No. CV223-062 |

# COMPLAINT

Plaintiff, Kasandra Phillips, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks damages arising from the negligence of Defendant United States of America (hereinafter "Defendant"). McOmber ("Employee") was a U.S. Coast Guard Reservist who was acting within the scope of her employment and in furtherance of the U.S. Coast Guard mission while on assignment in Brunswick, Georgia, when the acts or omissions giving rise to this complaint occurred.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law.

2. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while

acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq.*

4. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.*, the Plaintiff on or about August 18, 2022, Plaintiff submitted her claim to the appropriate federal agency (U.S. Coast Guard Claims Division) for administrative settlement under the FTCA requesting $8,020,000 or more.

5. On or about September 2022, the USCG sent a letter to Plaintiff notifying her of items that were required to constitute a valid claim substantiate the alleged damages.

6. On or about November 16, 2022, Plaintiff submitted those required updates and documents to USCG Claims Division. Upon submission, Plaintiff's claims became valid and alleged damages were substantiated. (Ex. A).

7. Since the presentation of the initial claim to the appropriate federal agency, Plaintiff has received additional treatment. Such treatment was not reasonably discoverable at the time of the presentation of the initial claim.

8. By letter dated February 21, 2023, Plaintiff's claim was denied in writing by the U.S. Coast Guard Claims Division and such denial was sent by certified or registered mail to the Plaintiff. (USCG File Number: 22-LC-0239). (Ex. B).

9. This lawsuit was then timely filed.

10. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

12. Jurisdiction and venue are proper in this Court.

## **PARTIES**

13. At all times material to this action, Plaintiff Phillips has resided in Brunswick, Glynn County, Georgia, and is subject to the jurisdiction of this Court.

14. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

15. Defendant's Government employee ("HS1 Beth McOmber") is a member of the United States Coast Guard who was stationed in Brunswick for the Unified Command and cleanup activities following the capsizing of the Golden Ray.

16. Incident response for the Golden Ray consisted of U.S. Coast Guard, Ga. Department of Natural Resources, and Gallagher Marine Systems with multiple federal, state, local, and partner organizations also providing assistance.

17. McOmber was assigned to the Saint Simons Sound Incident Command Post ("ICP") at Morning Star Marinas located at 206 Marina Dr., Suite 201, St. Simons, GA 31522. (Ex. C).

18. The location of the accident was 206 Marina Dr., St. Simons, GA. (Ex. A at 6).

19. The accident occurred at McOmber's duty location.

20. At the time of the subject collision, McOmber was operating a government-leased vehicle on behalf of, authorized by, and paid for by Defendant. (Ex. D).

21. According to U.S. General Services Administration ("GSA"), vehicles leased by the government are considered government vehicles ("GOV").

22. The subject collision occurred at the entrance to the Marina Drive ICP, with Plaintiff colliding into the back passenger-side of McOmber's GOV as the front of McOmber's government-leased vehicle crossed the driveway entrance.

23. At the time of the accident, McOmber was acting within the scope of her employment and in furtherance of Defendant's mission.

24. McOmber's job duties included driving the vehicle that was authorized and paid for by Defendant. (Ex. D).

25. Specifically, Defendant authorized McOmber a "large SUV to transport Tier 1 members and their gear to and from hotel/airport to Epworth."

26. Upon information and belief, due to COVID-19, all essential workers for the MV Golden Ray Unified Command operations were housed at Epworth by the Sea.[1] [2]

---

[1] https://thebrunswicknews.com/golden-ray-managing-uptick-in-covid-19-cases/article_4a6a0acc-6787-5e76-9eef-5ab49363f4a7.html (last accessed May 25, 2023).
[2] Plaintiff notes that McOmber is actually cited in this article.

27. Defendant permitted and entrusted the use of the GOV to McOmber while on duty and off duty.

28. Defendant housed, provided a residence, or provided lodging reimbursement for McOmber during her assignment in South Georgia.

29. Defendant authorized use of the GOV between McOmber's government-provided housing and McOmber's work location at the ICP on Marina Dr.

30. Defendant negligently entrusted McOmber with the GOV that actually and proximately caused the injuries on Oct. 30, 2021, that give rise to this action.

31. At all times relevant and material to this action, Defendant maintained control over Employee, as well as her residence, place of employment, and use of a GOV.

32. At all times material to this action, McOmber was required to exercise a reasonable duty of care to avoid hurting others on the road.

## FACTUAL BACKGROUND

33. All prior paragraphs are incorporated by reference as if set forth fully herein.

34. On or about 4:53 a.m. on October 30, 2021, Plaintiff was legally operating and riding eastward on a Harley Davidson motorcycle on FJ Torras Causeway in Brunswick, Glynn County, Georgia.

35. Plaintiff was conducting duties for her employer, Friendly Express, which required her to travel to various store locations each morning to retrieve the prior day's cash tills and balance sheets.

36. Plaintiff was authorized to use her personal vehicle to conduct these duties.

37. On or about the same time, McOmber was driving and operating a 2021 Ford Expedition headed west on FJ Torras Causeway.

38. The 2021 Ford Expedition was government-leased.

39. McOmber was authorized to use the 2021 Expedition.

40. Additionally, McOmber was compensated for fuel and other expenses related to the usage of the Expedition.

41. Without stopping, McOmber made a left turn into her duty location on Marina Drive.

42. McOmber failed to yield when making the left turn.

43. McOmber's failure to yield caused Plaintiff to crash into the back passenger panel of the 2021 Expedition that McOmber was operating.

44. McOmber continued driving further into the duty station parking lot on Marina Drive despite the horrific impact.

45. Plaintiff was transported via ambulance to a life-flight helicopter, where she was then life-flighted to a hospital in Savannah, Georgia.

46. Plaintiff suffered serious and disabling property and personal injuries. (Ex. E).[3]

47. Plaintiff's injuries and treatments are ongoing.

## CAUSES OF ACTION AGAINST DEFENDANT

**COUNT I: NEGLIGENCE**

48. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

49. McOmber was negligent and grossly negligent in the following manners: failure to yield, failure to maintain a proper lookout, generally operating the government vehicle in an unsafe, imprudent, and reckless manner, causing a collision with Plaintiff, and attempting to leave the scene of an accident.

---

[3] Plaintiff acknowledges that the expert authors of the medical summary placed "Confidential Attorney Work Product" in the footer of each page. However, confidential items have been redacted in accordance with Court rules.

50. The McOmber's negligence placed the lives and well-being of the public in general, and Plaintiff in particular, in danger while further causing personal and physical injuries to Plaintiff.

51. McOmber owed a duty of care to the public in general, and to Plaintiff Phillips in particular, to operate the government vehicle in a safe, reasonable, and prudent manner at all times and to adhere to the laws of the State of Georgia.

52. McOmber breached her duty to operate her government-authorized vehicle in a safe, reasonable, and prudent manner.

53. McOmber's actions were the actual and proximate cause of Plaintiff's injuries.

54. Plaintiff Phillips suffered significant physical, mental, and emotional pain, which continues to impact her life.

**COUNT II: NEGLIGENCE PER SE**

55. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

56. McOmber negligence amounts to negligence per se because she violated the following Georgia traffic laws:

    a. Duty of driver to stop at or return to the scene of an accident in violation of O.C.G.A. § 40-6-270;
    b. Driving without a license under O.C.G.A. § 40-5-20;
    c. O.C.G.A. § 40-6-241 Duty to exercise due care;
    d. Failure to yield under O.C.G.A. § 40-6-72;
    e. Failure to obey the rules of the roadway under O.C.G.A. § 40-6-20;
    f. Operating a vehicle in a reckless manner with a disregard for the safety of others in violation of O.C.G.A. § 40-6-390;
    g. Failure to pay proper attention to Defendant's course of travel and movement of other vehicles upon the street; and

    h. Failure to take any evasive action when by doing so Defendant could have avoided causing the collision.

57. The traffic laws violated by McOmber were put in place to prevent the type of injuries suffered by Plaintiff.

58. Plaintiff is a member of the class of persons that the traffic laws were designed to protect.

59. The breach of the duties owed to Plaintiff Phillips by McOmber as set out above, was the actual and proximate cause of the substantial and ongoing personal and physical injuries suffered by Plaintiff.

## COUNT III: NEGLIGENT ENTRUSTMENT, TRAINING, AND SUPERVISION

60. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

61. Defendant was negligent in failing to properly train McOmber on rules, regulations, and proper use of a GOV.

62. Defendant was negligent in failing to properly train McOmber on rules and regulations regarding the safe and proper operation of a vehicle in accordance with the laws of the State of Georgia.

63. Defendant's negligence in entrusting McOmber to drive a government-leased vehicle and failing to train and supervise her properly was the proximate cause of the collision at issue and the injuries to Plaintiff Phillips

64. Defendant had a legal duty to properly train McOmber to drive a government-leased vehicle and on the traffic laws of the State of Georgia.

## DAMAGES

65. As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff suffered substantial and ongoing physical injuries, lifelong disabilities, personal property loss, and substantial and ongoing wage loss.

66. As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover compensatory damages.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff prays that she have a trial on all issues and judgment against Defendant as follows:

1. That plaintiff recover the full value of compensatory damages requested and delineated in her initial claim to the appropriate federal agency;
2. That plaintiff recover the full the full value of such compensatory damages that occurred after the initial claim that were not reasonably discoverable at the time of claim; and
3. That plaintiff recover such other and further relief as is just and proper under the law.

Respectfully submitted this 29th day of May, 2023.

/s/ Joseph J. Steffen, Jr.
Attorney for Plaintiff
Ga. Bar No. 677766
(912) 604-4147
joe@joesteffen.com

/s/ Brandy Scott Mai
Attorney for Plaintiff
Ga. Bar No. 746703
(910) 580-0380
brandy@joesteffen.com

223 W. York St.
Savannah, GA 31401
(877) 767-2453